IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| JAMES HOWE, | ) | |
|     Plaintiff, | ) | No. 2:14-CV-00077 |
| | ) | |
| v. | ) | JURY DEMAND |
| | ) | |
| | ) | CHIEF JUDGE SHARP |
| AVERY AYTES, et al, | ) | MAGISTRATE BROWN |
|     Defendants. | ) | |

**PLAINTIFF'S SUR-REPLY TO COUNTY DEFENDANTS' REPLY BRIEF (ECF 77)**

Comes now Plaintiff, by and through counsel, and submits this sur-reply to the County Defendants' reply in support of their motion for summary judgment (ECF 77). Plaintiff submits:

**I.    Overview**

The majority of the County Defendants' reply brief does not necessitate a sur-reply. However, this sur-reply addresses three of the County's reply arguments which do call for a further response.

**II.    Argument**

**A. The Role of the First Amendment in Resolving the False Arrest Claim**

Defendants attempt to justify the false arrest of Mr. Howe by arguing that his criticisms of the new pickup system and his assertions of parental rights constituted an "unreasonable noise" within the meaning of Tennessee's disorderly conduct statute. (ECF 47, at 14 – 15). Plaintiff has responded that the Defendants' definition of an "unreasonable noise" would violate the First Amendment, as it is essentially based on the content of the speech rather than the manner in which the speech is delivered. (ECF 61, at 17 – 18). The point of this argument is not to raise a separate First Amendment-based claim, but rather to make the point that Tennessee's

1

disorderly conduct statute cannot be construed to criminalize a noise as "unreasonable" based on its speech content. *Evans v. Kelley*, 977 F. Supp. 1283, 1303 (E.D. Mich. 1997) (State statutes should be construed to be constitutional). Rather, the statute can and does only criminalize noises based on their auditory qualities, i.e. their loudness or noisiness. (ECF 61, cases cited at 16 – 19)). Therefore, because Mr. Howe was not loud or noisy and did not go on at length, he could not lawfully be arrested for disorderly conduct and the arrest violated his Fourth Amendment rights. While Plaintiff cannot gainsay that the Defendants may be subjectively confused by the role the First Amendment plays in this argument, (ECF 77, at 3), it is clearly relevant to the proper scope of the Tennessee's disorderly conduct statute, which in turn is dispositive as to resolution of the Fourth Amendment claim.

**B. Excessive Force**

As it pertains to the claim that Aytes violated Mr. Howe's rights by intentionally overtightening the handcuffs, Defendants acknowledge that in *Pigram v. Chaudoin* the Sixth Circuit recognized that there are exceptions to the usual requirement of a contemporaneous complaint by the arrestee. *Pigram v. Chaudoin*, 199 Fed. Appx. 509 (6th Cir. 2006). To respond to this, Defendants simultaneously offer a new declaration of Deputy Aytes, in which he denies that he tightened the cuffs all the way and then clicked them one more step, and a legal argument to the effect that the *Pigram* exception applies only where there is an "obvious physical problem caused by the handcuffs." (ECF 73; ECF 77, at 5).

As to Aytes' factual denial, this simply results in a contested factual issue which is inappropriate for resolution by summary judgment. As to the Defendants' attempt to focus the *Pigram* exception on a requirement of an obvious physical injury, this is a misreading of *Pigram*. *Pigram* recognized that the fundamental issue is whether the officer was on notice that the

2

arrestee was suffering from the cuffs. *Pigram*, at 514 ("Therefore, unless there is evidence that there was 'an obvious physical problem caused by the handcuffs,' *i.e. that [the officer] was on notice that the cuffs were too tight … no reasonable juror could find that [the officer] had notice of the cuffs being too tight*.") (emphasis added). Thus, *Pigram* was simply using "obvious physical problem" language as a proxy for establishing the officer's notice, in addition to the usual proxy of a complaint by the arrestee. The ultimate issue, however, is whether the officer had notice. Naturally, where an officer deliberately overtightens handcuffs, he is on notice that he has done so. Here, Plaintiff submits that Aytes tightened the cuffs all the way to Howe's wrists and then clicked them one additional step, in violation of his safety training. Under these circumstances, it is reasonable to infer that Aytes was on notice that he had overtightened the cuffs, and summary judgment on this claim should be denied.

### C. T.C.A. § 8-8-302

Defendants explicitly concede that under T.C.A. § 8-8-302 Cumberland County can be held vicariously liable for Deputy Aytes's intentional misconduct. However, Defendants cite *Siler v. Webber*, 443 Fed. Appx. 50, 53 (6th Cir. 2011) for the proposition that T.C.A. § 8-8-302 liability applies only to state law tort claims, not 42 U.S.C. § 1983 claims. However, this argument is mistaken.

The problem in *Siler* was that the plaintiff attempted to use T.C.A. § 8-8-302 to obtain direct *federal* municipal liability on his 42 U.S.C. § 1983 claims, attempting to plug T.C.A. § 8-8-302 into 42 U.S.C. § 1988(a)'s authorization to use state law to inform application of federal civil rights statutes. This argument ran afoul of 42 U.S.C. § 1988's limitation that state law can only be imputed to application of federal civil rights laws to the extent that it is not "inconsistent with the Constitution and the laws of the United States," *Siler* at 53; 42 U.S.C. § 1988(a).

3

However, while T.C.A. § 8-8-302 cannot be imputed into 42 U.S.C. § 1988 to obtain direct *federal* municipal liability on 42 U.S.C. § 1983 claims, it still creates a separate Tennessee state law claim against the county for "any wrong, injury, loss, damage, or expense resulting from any act or failure to act on the part of any deputy." T.C.A. § 8-8-302. The Tennessee Supreme Court has long construed T.C.A. § 8-8-302 to include vicarious liability for 42 U.S.C. § 1983 claims. *Jenkins v. Loudon County*, 736 S.W.2d 603 (Tenn. 1987) (Holding that plaintiff could sue county under T.C.A. § 8-8-302 to collect on federal 42 U.S.C. § 1983 judgment against deputy). Thus, in this case Mr. Howe does not seek to use T.C.A. § 8-8-302 to impose direct federal liability on the county, but rather simply brings a separate T.C.A. § 8-8-302-based state law claim for municipal liability pursuant to the Court's jurisdiction to hear supplemental state law claims. Therefore, municipal liability under this state law claim is available for all of Aytes's misconduct, up to the monetary limits imposed by T.C.A. § 8-8-303.

Respectfully submitted,

/s Kyle Mothershead
Kyle Mothershead, BPR 22953
414 Union Street, Suite 900
Nashville, TN 37219
T: (615) 982-8002 / F: (615) 229-6387
E: kyle@mothersheadlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on **February 15, 2016** a copy of the foregoing **Plaintiff's Sur-reply to County Defendant's Reply** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, including **Ken Williams**, counsel for the School Defendants, and **Robyn Williams**, counsel for the County Defendants. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

*s/ Kyle Mothershead*
Kyle Mothershead, BPR 22953

4

Case 2:14-cv-00077   Document 86   Filed 02/17/16   Page 4 of 4 PageID #: 1497